IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE R. BELAK, DY-5635, | ) | |
|     Petitioner, | ) | |
| | ) | |
|       v. | ) | 2:11-cv-1152 |
| | ) | |
| PENNSYLVANIA BOARD OF | ) | |
| PROBATIONS AND PAROLE, et al., | ) | |
| Respondents. | ) | |

MEMORANDUM and ORDER

Mitchell, M.J.:

George R. Belak has presented a petition for a writ of habeas corpus which he had been granted leave to prosecute in forma pauperis.  For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

The factual background leading up to the filing of the instant petition is set forth in the February 24, 2010 Memorandum Opinion of the Commonwealth Court:

> In 2000, the Westmoreland County Common Pleas Court (sentencing court) sentenced Belak to eight to 20 years, with a concurrent five to 15 year sentence for two counts of burglary… At the time of his conviction, Belak's minimum expiration date was September 15, 2006, and his maximum expiration date was September 15, 2018…

> Shortly after Belak's minimum expiration date, the Board released him on parole… However, in December, 2007, the Rostraver Township Police Department arrested Belak and charged him for forgery and access devices fraud… In February, 2008, while Belak was in custody at Westmoreland County Prison, he was arrested again and charged with theft by unlawful taking, receiving stolen property, forgery, and access device fraud…

> On September 25, 2008, Belak pleaded guilty to the December, 2007, charges (first conviction) and to the February, 2008, charges (second conviction). The sentencing court imposed its sentence the same day…

> On March 3, 2009, the Board held a revocation hearing to determine whether Belak should be recommitted as a convicted parole violator… The Board divided the hearing to address the first and second convictions separately… Belak

1

objected to the timeliness of the revocation hearing with regard to both convictions…

At [the] hearing, Belak testified that the Westmoreland County Clerk of Courts (Clerk of Courts) forwarded a copy of his conviction to the Board on the same day of his sentencing… Belak further testified that he wrote the Clerk of Courts a letter and received a reply less than a week later… Essentially, Belak contends 1) his parole agent already had a copy of his convictions prior to the parole agent's alleged date of receipt of official notification, or 2) the parole agent would have received official verification of convictions sooner had the agent acted with due diligence.

For his part, the parole agent testified he received official verification of Belak's first conviction on November 19, 2008… In addition, the parole agent further testified he received official verification of Belak's second conviction on December 31, 2008…

The Board denied Belak's objection and accepted the parole agent's testimony as credible. It therefore concluded the revocation hearing was timely on both convictions because the hearing occurred within 120 days of November 19, 2008 and December 31, 2008, the dates on which the Board received official verifications of Belak's convictions… The Board further concluded the parole agent acted with due diligence in obtaining official verifications of Belak's convictions… Shortly thereafter, the Board recommitted Belak as a convicted parole violator to serve 12 months' backtime…

Belak sought administrative relief from the recommitment order, again contending the Board failed to hold a timely revocation hearing in accordance with regulation 37 Pa.Code §71.4(1). In May, 2009, the Board denied Belak's request for administrative relief. Belak now petitions [the Commonwealth Court] for review.[1]

On February 24, 2010 the Commonwealth Court affirmed the Board's decision[2] and on September 13, 2010 leave to appeal to the Pennsylvania Supreme Court was denied.[3]

Belak now comes before this Court and seeks relief on the following grounds:

1.  The violation hearing was untimely and the Board did not meet its burden proving that a timely hearing was held.
2.  The hearing examiner permitted hearsay evidence over petitioner's objections concerning introduction of documents without knowing exactly where they came from or how they were obtained by someone other than petitioner's parole agent. Petitioner's parole agent testified that he is not sure how the

---

[1]  See: Exhibit 22 to the answer at pp.11-4 (footnotes and record references omitted).
[2]  Id.
[3]  See: Exhibit 24 to the answer.

"official verification was obtained other than that someone in his office retrieved them."

3. Ineffectiveness of appointed counsel. Petitioner was appointed counsel by the Commonwealth Court to amend the petition and review submitted pro se. Instead appointed counsel was allowed to withdraw without recognizing the hearsay matter objected to by petitioner's private counsel.[4]

Belak's first argument here is that the revocation hearing was not held within 120 days of official notification of his parole violations as mandated by 37 Pa.Code § 71.4. This argument was determined to be factually inaccurate by the Commonwealth Court, and is clearly a matter governed by state procedural law and as such does not provide a basis for relief here. Swarthout v. Cooke, 131 S.Ct. 859 (2011); Taylor v. Horn, 504 F.3d 416 (3d Cir.2007), cert. denied 129 S.Ct. 92 (2008).

Belak's second argument is that evidentiary errors occurred when his parole agent was unable to testify as to how the documentation underlying the revocation came into his possession. Evidentiary errors do not provide a basis for federal relief unless they undermine fundamental fairness. Reynolds v. Ellingsworth, 109 S.Ct. 403 (1988). No such showing is made here. At worst the documents which are supported by the record came into the agent's hands in some unknown manner but since there is no viable challenge to their authenticity there is no basis for claiming fundamental unfairness. For this reason, the petitioner's second argument likewise does not provide a basis for relief.

Belak's final argument is that counsel at the revocation hearing was ineffective. Ineffectiveness or incompetence of counsel in collateral proceedings is not subject to habeas review. 28 U.S.C. § 2254(i); Gagnon v. Scarpelli, 411 U.S. 778, 788-789 (1973). Accordingly, this claim also does not provide a basis for relief.

Because the petitioner's claims are meritless, his petition for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate order will be entered.

---

[4] See: Petition at ¶12.

ORDER


AND NOW, this 5th day of January, 2012, for the reasons set forth in the foregoing Memorandum, the petition of George R. Belak for a writ of habeas corpus is DISMISSED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.


s/ Robert C. Mitchell
United States Magistrate Judge